```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JOSE P. SIERRA, | : | 1:10-cv-1885 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WILLIAM A. SCISM, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## January 7, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 23), filed on December 14, 2010. The R&R recommends that the instant habeas corpus petition be denied and that a certificate of appealability should not issue. Petitioner Jose P. Sierra ("Petitioner" or "Sierra") filed objections to the R&R on December 23, 2010. (Doc. 24). On December 29, 2010, the Respondent filed a brief in opposition to the Petitioner's objections. (Doc. 25). Thus, this matter is ripe for our review and disposition.

**I.    BACKGROUND**

1

In this habeas corpus petition, Petitioner, a federal inmate who was disciplined after drug tests revealed the presence of a banned controlled substance in his system, invites the Court to examine the results of his disciplinary hearing. Specifically, Sierra alleges that the hearing lacked appropriate procedural safeguards and reached a result that was unsupported by the evidence. Within the careful and well-reasoned R&R, Magistrate Judge Carlson concludes that Sierra was afforded a full panoply of procedural protections and that there is sufficient evidence to support the prison's finding of misconduct. Thus, Magistrate Judge Carlson recommends denial of the petition.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and

recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

In the petition, Sierra advances both general and specific claims of wrongdoing by prison staff in relation to the prison incident report issued to him and sanctions subsequently imposed upon him by the corrections disciplinary committee. First, in general terms, Sierra alleges that his due process rights were violated during the disciplinary process. More specifically, Sierra argues that the evidence presented at the hearing was insufficient to justify a finding that he violated prison rules.

Magistrate Judge Carlson recommends denial of the petition for two reasons. First, Magistrate Judge Carlson concluded that Sierra failed to exhaust his administrative remedies – a complete procedural bar to filing the instant petition. However, recognizing that Sierra had commenced the final round of his administrative remedies, thus exhaustion would likely occur during the pendency of the petition, in the interests of judicial economy, Magistrate Judge Carlson undertook a merits review of the petition. After a review of the relevant law applied to the facts underlying Sierra's petition, Magistrate Judge Carlson concluded that Sierra received all of the process he was due in his disciplinary hearing and that the

3

evidence presented at the hearing was sufficient to support the finding that Sierra violated prison rules, thus recommending denial of the petition on the merits.

Sierra's objections center around his contentions regarding the Bureau of Prisons' ("BOP") Program Statement 7300.09 and its relation to his disciplinary proceedings. It appears that Sierra's precise contention is that his Fifth Amendment due process rights were violated when he was not provided a hearing before a Disciplinary Hearing Officer ("DHO"), but rather had a hearing before the Corrections Disciplinary Committee ("CDC").

Quite obviously, Sierra misapprehends the import of BOP Program Statement 7300.09. By his reading of the amendments to the Program Statement, he believes the entire Program Statement has been deleted and thus alleges that his disciplinary process was governed by "28 C.F.R." However, it is quite clear that the Program Statement was merely amended, not deleted, and, as Magistrate Judge Carlson correctly notes, every court which has examined the procedures established by Program Statement 7300.09 has held that these procedures satisfy the procedural due process requirements established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). (See R&R, p. 16-17).

We find no flaw in the learned Magistrate Judge's conclusion that Sierra received all of the process he was due during the disciplinary proceedings that are

4

the subject of this petition.  To be sure, Sierra received advanced, written notice of the proposed disciplinary charges against him as well as notice of his right to staff assistance, to be present at the hearing, to provide his account of his events at the hearing and to present witnesses.  Sierra was provided with written decisions outlining the basis of the prison officials determinations and was given an opportunity to file an administrative appeal.  Quite clearly, the prison officials scrupulously complied with the Program Statement and Sierra received the full benefit of his due process rights.

Moreover, to overcome the disciplinary committee's finding that he violated prison rules, Sierra faces an exacting standard.  Reviewing courts will uphold prison disciplinary determinations if "some evidence" exists to support the decision.  *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-56 (1985)("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board").  This minimal standard does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of evidence.  *See id.* at 455.  Applying this deferential standard, Magistrate Judge Carlson concluded, and we fully agree, that Sierra's disciplinary outcome was supported by the requisite degree of proof.

## IV. CONCLUSION

Accordingly, for the foregoing reasons as stated by this Court and the Magistrate Judge, we shall overrule Sierra's objections and adopt the R&R in its entirety.